UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRALE YARBROUGH,

Plaintiff,

Case No. 26-cv-12390
Hon. Matthew F. Leitman

v.

MIDLAND CREDIT MANAGEMENT,

Defendant.

______________________________________/

**ORDER OF SUMMARY DISMISSAL**

On July 14, 2026, Plaintiff Terrale Yarbrough filed this action against Defendant Midland Credit Management. (*See* Compl., ECF No. 1.) Yarbrough has also filed an application to proceed *in forma pauperis* in this action. (*See* App., ECF No. 6.)

Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss a complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that all complaints set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

Here, Yarbrough has plainly failed to state a viable claim against Midland Credit. Yarbrough's allegations, in their entirety, are as follows:

> I SENT THE NOTICE OF UNPAID LIEN TO THE COMPANY (WHICH I WILL ATTACH TO THIS CASE), LETTING THEM KNOW ABOUT THE FIRST OBLIGATION TRUST LIEN THAT I NEEDED TO GET TAKEN CARE (WHICH HAD NOTHING TO DO WITH THEM). THEY COMPLETELY IGNORED THE

> NOTICE AND CONTINUED TO REPORT ACCOUNT ON CREDIT WHICH NOW PUTS THEM AT FAULT FOR THE TRUST LIEN SECURITY AGREEMENT PAY OFF FOR DELAYING AND IGNORING THE FIRST OBLIGATION PAY OFF.

(Compl., ECF No. 1, PageID.4.) As relief, Yarbrough seeks the following: "$1,000,000 AMOUNT OWED FOR TRUST SECURITY AGREEMENT VIOLATION." (*Id.*)

Yarbrough's allegations are conclusory and the precise kind of "unadorned, the defendant-unlawfully-harmed me accusation[s]" that the Supreme Court has repeatedly identified as insufficient to state a viable claim. *Iqbal*, 556 U.S. at 678. Simply put, Yarbrough's vague and threadbare allegations do not provide sufficient notice to Midland Credit of what Yarbrough is claiming Midland Credit did wrong nor why Midland Credit should be liable for $1,000,000 in damages. Finally, while Yarbrough appears to claim that he is seeking relief under the Tenth Amendment to the United States Constitution (*see id.*, PageID.3), he has not pleaded facts that could show how that Amendment applies to his claims(s) here or provides him any kind of cause of action against Midland Credit. For all of these reasons, the Court **SUMMARILY DISMISSES** Yarborough's Complaint **WITHOUT PREJUDICE** and **TERMINATES** his application to proceed *in forma pauperis* as moot.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 12, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 12, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126